IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| THERESA A. TALBERT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | 1:07CV903 |
|  | ) |  |
| MICHAEL B. MUKASEY, | ) |  |
| Attorney General, and | ) |  |
| MICHAEL J. ASTRUE, | ) |  |
| Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Theresa A. Talbert seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claims for Disability Insurance Benefits and Supplemental Security Income ("SSI"). The Commissioner's denial decision became final on November 15, 2007, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

### The Claimant

Plaintiff was born on March 17, 1954, and was 50 years of age on her alleged onset date of disability. She has a high school equivalent education. Plaintiff has past relevant work experience as a cashier, stocker and sewing machine operator. Plaintiff alleges

disability as of June 30, 2004, due to three ruptured discs, muscle disease, high blood pressure and borderline diabetes.

## The Administrative Proceedings

Plaintiff filed applications for Disability Insurance Benefits and SSI on September 22, 2004, alleging disability as of June 30, 2004, due to three ruptured discs, muscle disease, high blood pressure and borderline diabetes.[1] Her claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on August 8, 2007, and a decision denying benefits was issued on August 30, 2007. Plaintiff filed a request for review, and on November 15, 2007, the Appeals Council found no basis for review of the ALJ's decision. Plaintiff then filed this request for judicial review.

The findings of the ALJ relevant to this review include the following:

1.  Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2008.

2.  Plaintiff has not engaged in substantial gainful activity since June 30, 2004, her alleged onset date of disability.

3-4.  Plaintiff's degenerative disc disease of the lumbar spine and disorders of muscle, ligament and fascia are severe impairments but do not meet or

---

[1] Plaintiff previously filed applications for Disability Insurance Benefits on April 4, 2001 and December 14, 2001, alleging disability as of December 6, 2000, due to back surgery. (*See* Tr. at 70-72, 78, 95, 109.)

medically equal one of the listed impairments in Appendix 1 to Subpart P of Social Security Regulation No. 4.

5. Plaintiff has the residual functional capacity to perform light work but she is limited to lifting only ten pounds occasionally or frequently and she must be able to alternate positions. She is further limited to work involving only simple, routine and repetitive tasks and instructions.

6. Plaintiff is unable to perform her past relevant work.

7-9. Plaintiff was born on March 17, 1954 and was 50 years old on her alleged onset date of disability. She has at least a high school education and can communicate in English. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is not disabled regardless of whether she has transferable job skills.

10-11. Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Therefore, Plaintiff has not been under a disability as defined by the Social Security Act from June 30, 2004 through the date of the decision.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

## Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. §§ 404.1520, 416.920 (2009). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. The burden of persuasion is on the claimant through

the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering her age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on June 30, 2004, her alleged onset date of disability, and continued to meet them through March 31, 2008. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time since her alleged onset date of disability. Proceeding to steps two and three, the ALJ found that Plaintiff suffers from severe impairments including degenerative disc disease and disorders of muscle, ligament and fascia, but does not have an impairment, or combination of impairments, that meets or equals the ones listed in Appendix 1, Subpart P, Regulations Number 4.

The ALJ concluded his evaluation at steps four and five, finding that Plaintiff has the residual functional capacity for light work, but she is limited to lifting only ten pounds occasionally or frequently and she must be able to alternate positions. She is further limited to work involving only simple, routine and repetitive tasks and instructions. The ALJ accordingly found that Plaintiff is not able to return to her past relevant work. The ALJ concluded that considering Plaintiff's age, education, work experience and residual

functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

In this action for judicial review, Plaintiff first argues that the ALJ inadequately evaluated Plaintiff subjective complaints of pain caused by her impairments. (Docket No. 18, Pl.'s Mem. in Supp. of Mot. for Summ. J., at 3.) The Fourth Circuit has established a two-step process for evaluating a claimant's credibility with regards to her subjective complaints of pain and other symptoms in accordance with the Commissioner's regulations. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); 20 C.F.R. §§ 404.1529, 416.929 (2009); *see also* Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements* ("SSR 96-7p").

Under the *Craig* analysis, Plaintiff must first produce objective medical evidence of an impairment which could reasonably be expected to produce symptoms in the amount or degree she alleges. *Craig*, 76 F.3d at 594; 20 C.F.R. §§ 404.1529(b), 416.929(b). At step two of the *Craig* analysis, the ALJ must evaluate the intensity, persistence and functionally limiting effects of Plaintiff's symptoms. The Regulations require the ALJ to consider the location, duration, frequency and intensity of the symptoms; precipitating and aggravating factors; type, dosage, effectiveness and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; and daily activities. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* SSR 96-7p.

In this case, the ALJ found that Plaintiff does have a medically determinable impairment that could reasonably be expected to produce her symptoms, but that her testimony concerning the intensity, persistence and limiting effects of those symptoms is not entirely credible "when compared with the medical evidence overall and her admitted activities of daily living." (Tr. at 21.)

Plaintiff contends, however, that "[t]he record is replete with evidence supporting" Plaintiff's complaints of pain. (Docket No. 18 at 4.) Plaintiff further argues that absent evidence showing Plaintiff is malingering, the ALJ's reasons for rejecting Plaintiff's testimony must be clear and convincing, a standard Plaintiff presumably contends the ALJ did not meet. This, however, is not the standard by which this Court reviews the Commissioner's findings. The Court's credibility review is limited to determining whether the ALJ's finding is supported by substantial evidence. Where the Commissioner's findings are supported by substantial evidence, they are conclusive and this Court may not reweigh the evidence. *Hays*, 907 F.2d at 1456; *see also Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982)(if there is substantial evidence to support the Commissioner's findings, they must be accepted on review even if the reviewing court disagrees with the Commissioner's conclusions). The Fourth Circuit has instead held that an ALJ need not accept subjective complaints of pain "to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can

reasonably be expected to cause the pain [Plaintiff] alleges she suffers." *Craig*, 76 F.3d at 595.

Here, there is substantial evidence supporting the ALJ's finding that Plaintiff's subjective complaints of debilitating pain are inconsistent with her own reports of her activities of daily living. (*See* Tr. at 21.) Plaintiff testified that sits in a recliner for six hours a day due to pain, but previously reported that she manages her own household, goes out to eat and regularly visits former co-workers, and is able to grocery shop, wash dishes and do laundry. (*Id.* at 139, 143, 145.) The ALJ is entitled to consider such inconsistencies, and indeed, absent evidence explaining the inconsistencies, they are strong indicators of the credibility of Plaintiff's subjective complaints. *See* Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements* ("SSR 96-7p"). Plaintiff alleges that an increase in pain since the earlier reports explains the inconsistencies. (Docket No. 18 at 3.) Yet, there is no objective evidence that Plaintiff's condition worsened or that otherwise supports her claims of increasing pain. Thus, the ALJ's finding that Plaintiff's ability to engage in these activities is inconsistent with her claims of disabling pain and an inability to perform basic work activities is supported by substantial evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005).

Plaintiff's subjective complaints are also inconsistent with the objective medical evidence. Lumbar spine x-rays in November 2004 show only very slight anterolisthesis and

-8-

Case 1:07-cv-00903-JAB-PTS   Document 22   Filed 11/05/09   Page 8 of 13

mild degenerative changes. (Tr. at 367.) MRIs of the spine from December 2004 show cervical spondylosis but only mild thoracic degenerative disc disease and mild post operative changes of the lumbar spine. (*Id.* at 407-08.) There is no evidence of lumbosacral plexopathy, radiculopathy or peripheral neuropathy. (*Id.* at 401.) The Court also notes that Plaintiff reported in September 2004, three months after her alleged onset date of disability, that she had not seen a physician concerning her back pain in the three years since her surgery. (*Id.* at 287.)

Plaintiff next argues that the ALJ's finding at step four of the sequential evaluation that Plaintiff is capable of performing a limited range of light work is not supported by substantial evidence. (Docket No. 18 at 5-8.) The Court disagrees and finds that based on the record evidence, the ALJ's residual functional capacity determination is supported by substantial evidence.

Plaintiff alleges that the ALJ did not address Plaintiff's ability to stand, walk, push or pull. (*Id.* at 6.) The ALJ found that Plaintiff can perform light work, but she is physically limited to lifting only ten pounds occasionally or frequently and she must be able to alternate positions. (Tr. at 19.) Light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday. Social Security Ruling 83-10, *Titles II and XVI: Determining Capability To Do Other Work – The Medical-Vocational Rules of Appendix 2* ("SSR 83-10"). By finding Plaintiff capable of performing light work, the ALJ

found that she is able to stand and walk for six hours in an eight-hour workday. The regulations further provide:

> Even though the weight lifted may be very little, a job is in [the light work] category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b), 416.967(b) (2009). Thus, these administrative statements fully address the seven exertional activities required by Social Security Ruling 96-8p, *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims* ("SSR 96-8p").

Plaintiff also argues that the ALJ did not consider the effects of her sleep apnea, depression and anxiety, degenerative disc disease or her pain medications in assessing her residual functional capacity. (Docket No. 18 at 6.) It is, however, Plaintiff's burden to establish the effects of her impairments upon her ability to perform basic work activities. *See Hunter*, 993 F.2d at 35. Here, Plaintiff has failed to establish that her impairments limit her to a greater degree than found by the ALJ. Specifically, Plaintiff failed to present any evidence demonstrating that her sleep apnea causes any limitation on her ability to work. Instead, the evidence shows that her apnea was treated and Plaintiff's sleep improved with the use of a CPAP machine. (Tr. at 403-04, 455.) As for Plaintiff's depression and anxiety and the effects of her pain medication, the ALJ considered and accounted for these limitations in formulating her residual functional capacity by limiting Plaintiff to simple,

routine and repetitive tasks and instructions. (*See id.* at 19.) There is no evidence that Plaintiff is incapable of performing simple, routine, repetitive tasks, nor that Plaintiff is incapable of remembering, understanding or carrying out simple instructions. Dr. Susan Hurt, J.D., Ph.D, an examining psychological consultant, examined Plaintiff and concluded that Plaintiff is essentially cognitively intact and had no significant memory or psychological deficits. (*Id.* at 332.) Dr. Hurt further opined that Plaintiff "can learn, retain, and follow simple instructions, and can likely be relied upon to perform simple tasks repetitively." (*Id.*)

As for Plaintiff's degenerative disc disease, the ALJ found it to be a severe impairment and considered it when he limited Plaintiff to light work. The record evidence, including records from Plaintiff's treating physicians as well as a non-examining medical consultant, supports the ALJ's finding. The evidence shows that following posterolateral interbody fusion in January 2001, x-rays showed stable postoperative alignment. (*Id..* at 196.) Plaintiff reported that she was much improved following surgery (*id.* at 386) and later told her physician that the surgery was successful and that her back was "okay." (*Id.* at 226, 229.) Plaintiff's physician released her for work following a work condition program in August 2001, and there is no evidence in the record that Plaintiff's physicians placed any further limitations upon Plaintiff's ability to do work. Plaintiff did in fact continue working until June 30, 2004, her alleged onset date of disability. (*See id.* at 444.)

Also, Plaintiff was seen by Dr. Andrea Rinn, D.O., on November 30, 2004, for evaluation of lower back pain. (*Id.* at 326.) Plaintiff complained of severe back and neck

-11-

pain, but her strength, tone and bulk were normal and she was able to walk unassisted, although she complained of pain. (*Id.* at 327.) In February 2005, Plaintiff returned to Dr. Rinn, who reported that although Plaintiff's MRIs showed evidence of degenerative disc disease and mild disc bulging, there was no evidence of lumbrosacral plexopathy, radiculopathy or peripheral neuropathy. (*Id*. at 401.) Plaintiff's strength, tone and bulk were normal and Plaintiff was able to ambulate unassisted. (*Id.* at 402.) Dr. Rinn concluded that Plaintiff's "[w]orkup to date has been fairly unremarkable for evaluation of back discomfort, foot pain and multifocal areas of pain." (*Id.*) The residual functional capacity assessment completed by Dr. William Farley, a non-examining medical consultant, also supports the ALJ's finding. Dr. Farley reviewed Plaintiff's medical records and concluded that Plaintiff is capable of performing light work. (*See id.* at 298-305.) Accordingly, the Court finds that upon review of the record as a whole, substantial evidence supports the ALJ's residual functional capacity assessment.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (Docket No. 17) be denied, that the Commissioner's motion for judgment on the pleadings (Docket No. 20) be granted, and that judgment be entered in favor of the

Commissioner. The Court further recommends that this action be dismissed as to Defendant Michael B. Mukasey, as he is not a proper party pursuant to 42 U.S.C. § 405(g).

                                      /s/ P. Trevor Sharp
                                 United States Magistrate Judge

Date: November 5, 2009